## EMERSON AND SHIELDS v. TOMLINSON.

A petition for rehearing should not be favored by the supreme court, unless applied for at the time the judgment was rendered.

After rights are vested, under a decision of the supreme court, no discretionary power can be exercised by that court to change or set aside such decision.

### *Appeal from Dubuque District Court.*

*Opinion by* HALL, J. The record presents the following facts: The cause was regularly docketed for trial, at this court, on the 15th day of February, 1852. On the 27th day of February, 1852, the court rendered a final judgment affirming of the district court. This was at the February term of this court, 1852, held at Dubuque. On the 29th day of June, 1853, it being the June term at Iowa City, a petition for a rehearing was filed by the defendant; on the 16th day of July, of the same term, this petition was finally decided, and judgment given by the court overruling and refusing the rehearing.

At the December term, 1853, a motion in the nature of a petition for rehearing was written out on the motion book, and on the 6th day of February, 1854, a rehearing of the cause was adjudged by the court, and the cause continued to the next June term. At the June term, 1854, the cause was again argued, and by the court held under advisement to the present term.

We can arrive at no other conclusion, than that this rehearing ordered on the 6th of February, 1854, was inconsiderately made, and *that this court had no power to make that order.*

We have not come to this conclusion without great consideration. We have searched in vain for a precedent, and we can see nothing but mischief and and subversion of established principles in the exercise of this power·

Emerson & Shields *v.* Tomlinson.

There was no rule of court upon which to base these proceedings, but on the contrary, the rule has always required a petition for a rehearing to be filed at the term of the court where final judgment was given, unless it was otherwise arranged by the parties or their attorneys, and reduced to writing, or made a part of the record. At the December term of the court, 1853, the same term that this rehearing was granted, this court specially enforced this rule in the cases of *Cavender* v. *Smith*. In *Deeds* v. *Deeds*, 1 G. Greene, 396, this court denies the power of the district court to change a decree made at a previous term. The court says " the judgment is absolute," and cannot be changed, altered or reversed by any court except an appellate court, or upon application by bill or petition to the court which rendered the same, impeaching it for fraud, or showing the mental, moral or physical incapacity of the father to perform the duties of a guardian over his own offspring, happening *since* the decree."

Although there can be no appeal from the decisions of this court notwithstanding its decisions are final, and conclusive over the rights adjudicated, yet it is governed by law. Its powers and duties are limited by just and salutary restrictions. Its jurisdiction is guarded by great principles and fixed rules. This court has no *arbitrary discretion*. It cannot open a door in favor of a paticular case, and close it to alter cases similarly situated. It has not an indefinite and continuous power to *rehear*, *alter*, change and reverse its own judgments and decisions. Parties cannot sleep upon their rights and allow a final judgment to stand from term to term, and from year to year, waiting for a change of the bench, or favorable time to renew a long settled and adjudicated cause of litigation. A judgment, however erroneous, made by this court is irreversible by law, and if final by the rules of the court, becomes a vested right in the party recovering it, and is as sacred in the eye of the law as any other right which he possesses. He has the highest assurance of the gov-

Emerson & Shields v. Tomlinson.

ernment in favor of his title, and he is secure. "The uncertainty of the law" no longer clouds his title or alarms his hopes of enjoyment.

. The petition for a rehearing of a case after final judgment, is sanctioned by courts as a matter of caution. The court acknowledges its own fallibility, and allows its attention to be again called to the decision, and wisely listens to all suggestions of error. It is based upon a desire to avoid error, and is really a writ of favor, and not a right to the party. It is a part of the original hearing, for the cause is open until the time for further consideration and adjudication has passed. When the term is over and all parties have acquiesced, and no suggestion of error had been made, no rehearing prayed for, there is no power in the court to open up the judgment and renew the litigation. It is doubtful whether even consent under such circumstances would confer jurisdiction—whether litigation even if the parties do consent, should be perpetual.

Concede to this court, that it has a continuous and indefinite power over the judgments rendered by it, and what will be the result? The power conceded, and any party feeling aggrieved by a previous decision, can, by petition, call that power into action, if upon examination, the judgment, although it has been acquiesced in for years, will be opened for a rehearing; and, upon a hearing, if shown to be erroneous, it will be vacated and reversed, and all the rights settled by the original decision, will be amended. If the exercise of this power is safe for one year after final judgment, it is safe for ten years. If justice, is the paramount and exclusive object of the law, this rule might be tolerated ; but the law regards the settlement of private rights and an *end of litigation, as a necessity*, and wisely provides that it is better that injustice should sometimes be done, than that litigation should never end.

The discretion of a court is always a legal discretion. It is limited by rules, and circumscribed by law. It is not the

basis of power, but an attendant upon the exercise of power—regulating and modifying the application, but not changing or weakening the rule. Discretion is not a tyrant, acting upon mere will or favoritism. It is given to guard against the rigor of the law, and the accidents and mistakes of parties. It is charitable equity, that mingles with the administration of justice, and aids in the investigation that precedes the judgment. This discretion is never resorted to where a general rule applies; it is only where no general rule will answer the ends of justice—where from necessity some latitude is required in administering law, that this law called discretion is admitted or tolerated. The *power* to render or vacate judgments—to overthrow decisions and renew litigation—can never be derived from the law of *discretion*.

Petition dismissed.

*Hempstead* and *Burt*, for appellants.

*Smith*, *McKinlay* and *Poor*, for appellee.